UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | \* | CR 08-10037 |
| Plaintiff, | \* | |
| -vs- | \* | OPINION AND ORDER |
| KELLY WARD, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant was convicted of assault with a dangerous weapon, assault by striking, beating, or wounding, assaulting a federal officer, and discharging a firearm during a crime of violence. He was sentenced on November 9, 2009, to a total sentence of 155 months custody. He did not appeal his conviction or sentence.

Defendant filed a motion for a copy of the transcript of his jury trial. Congress specifically authorized, in limited circumstances, the provision of transcripts to indigent defendants seeking to challenge their convictions and sentences:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

18 U.S.C. §753(f).

Defendant's criminal case is closed. There is no pending motion to vacate. Defendant must first file a motion to vacate and then seek leave of court to conduct discovery pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts. See Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001). See also, Jihad v. Hvass, 267 F.3d 803, 806-807 (8th Cir. 2001) ("lack of a trial transcript does not preclude a petitioner from commencing post-conviction proceedings"). Defendant's request for a free transcript prior to the

filing of a motion to vacate under § 2255 is premature. United States v. Long, 601 F.2d 351, 352 (8th Cir. 1979).

Defendant may desire to have a copy of the transcript, but possession of this document is not a prerequisite to filing a motion to vacate. Gassler v. Bruton, 255 F.3d at 495.

> "The usual grounds for successful collateral attacks upon convictions arise out of occurrences outside of the courtroom or of events in the courtroom of which the defendant was aware and can recall without the need of having his memory refreshed by reading a transcript. He may well have a need of a transcript (to support his claim) but rarely, if ever, . . . to become aware of the events or occurrences which constitute a ground for collateral attack."

United States v. MacCollom, 426 U.S. 317, 327-28, 96 S.Ct. 2086, 2092-93, 48 L.Ed.2d 666 (1976) (*quoting* United States v. Shoaf, 341 F.2d 832, 835 (4th Cir. 1964)).

Defendant may contact the Clerk's office to make arrangements to prepay for a copy of his transcript.

In any event, defendant's conviction became final two years ago. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 28 U.S.C. § 2255:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Any motion to vacate pursuant to 28 U.S.C. § 2255 would be untimely unless defendant can set forth a basis for tolling the one year limitations period.

2

Now, therefore,

IT IS ORDERED:

1. The motion, Doc. 97, for a copy of the trial transcript is denied.

2. The application, Doc. 98, to proceed without the prepayment of fees is denied as moot.

Dated this 22nd day of December, 2011.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *Barbara J. Paepke*
          DEPUTY
(SEAL)

3