UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 08-10037 |
| Plaintiff, | \* | |
| -vs- | \* | OPINION AND ORDER DENYING MOTION FOR WRIT OF CORAM NOBIS |
| KELLY WARD, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant was convicted of assault with a dangerous weapon, assault by striking, beating, or wounding, assaulting a federal officer, and discharging a firearm during a crime of violence. He was sentenced on November 9, 2009, to a total sentence of 155 months custody. He did not appeal his convictions or sentence. He filed a motion to vacate, set aside, or correct sentence which was summarily denied as untimely. He filed a second motion to vacate, set aside, or correct sentence which was also summarily denied.

Defendant has now filed a petition for a writ of *coram nobis* challenging the validity of his convictions. Where a statute specifically addresses the particular issue at hand, it is that authority that provides a basis for relief. See Carlisle v. United States, 517 U.S. 416, 429, 116 S.Ct. 1460, 1467, 134 L.Ed.2d 613 (1996). The appropriate means to challenge federal court convictions and sentences is 28 U.S.C. § 2255, *see* United States v. Noske, 235 F.3d 405, 406 (8th Cir. 2000), or a writ of *coram nobis* pursuant to the All Writs Act, 28 U.S.C. § 1651, United States v. Camacho-Bordes, 94 F.3d 1168, 1171 n. 2 (8th Cir. 1996).

> Both writs are used to challenge a conviction or sentence, the main difference between the two being that coram nobis relief is available

when the defendant is no longer in custody for the applicable
conviction, while custody is a prerequisite for habeas relief.

United States v. Camacho-Bordes, 94 F.3d at 1173, n. 6. Defendant is still in the custody of the Bureau of Prisons serving the sentence he is challenging. He is not entitled to challenge his convictions and sentence through a writ of error *coram nobis*.

It is clear that defendant seeks relief under 28 U.S.C. § 1651 in order to avoid the requirement in 28 U.S.C. § 2244(b)(3) that he obtain authorization from the Court of Appeals to file a second or successive motion to vacate. See United States v. Patton, 309 F.3d 1093, 1094 (8th Cir. 2002). The United States Court of Appeals for the Eighth Circuit has instructed:

> It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure. Likewise, the certificate requirement under 28 U.S.C. § 2253(c)(1) may not be circumvented through creative pleading.

United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005) (internal citations omitted)

Now, therefore,

IT IS ORDERED that the motion, Doc. 102, for a writ of *coram nobis* is denied.

Dated this 3rd day of March, 2014.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *Barbara J. Paepke*
         DEPUTY
(SEAL)

2